FILED
March 25, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| METHODIST HEALTHCARE SYSTEM OF SAN ANTONIO, LTD., L.L.P., | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. SA-23-CV-01414-OLG |
| BLUE SHIELD OF CALIFORNIA, INC. and KEENAN AND ASSOCIATES, INC., | § § § § | |
| Defendants. | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (R&R), filed March 3, 2025, concerning Defendant Keenan & Associates, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint or Alternatively, for a More Definite Statement (Dkt. No. 18) and Defendant Blue Shield of California's Motion to Dismiss (Dkt. No. 20). (*See* R&R, Dkt. No. 44.)

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen days. FED. R. CIV. P. 72(b)(2). Plaintiff, through counsel, was electronically served with a copy of the R&R on March 3, 2025, and timely filed its objections on March 17, 2025 (*see* Dkt. No. 46).

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th

Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Plaintiff's first two objections concern the Magistrate Judge's recommendations that its ERISA and non-ERISA claims in this case be dismissed for lack of subject-matter and personal jurisdiction, respectively. These objections are overruled for the reasons discussed at length in the R&R. Plaintiff's final two objections concern the Magistrate Judge's "implicit denial[s]" of Plaintiff's requests for leave to (1) amend under Rule 15 and (2) to conduct jurisdictional discovery into Defendants' contacts with Texas. These objections are overruled for the reasons set forth below.

First, Plaintiff has already amended its complaint once and "has neither filed a formal motion to amend nor submitted a proposed amended complaint." *Mem'l Hermann Health Sys. v. Pennwell Corp. Med. & Vision Plan*, No. CV H-17-2364, 2017 WL 6561165, at *12 (S.D. Tex. Dec. 22, 2017). In its responses to Defendants' Motions, Plaintiff summarily requests leave to amend should the Court find "any deficiencies" in its first amended complaint. (Dkt. No. 21, at 20; Dkt. No. 23, at 12.) Accordingly, "because [P]laintiff failed to respond to [D]efendants' motion[s] to dismiss with facts that would be capable of establishing [its] standing to assert an ERISA claim for Plan benefits, the [C]ourt concludes that amendment would be futile." *Mem'l Hermann Health Sys.*, No. CV H-17-2364, 2017 WL 6561165, at *12; *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("[A] district court need not grant a futile motion to amend.").

Second, the parties have already supplemented the jurisdictional record in this case. Since the record contains "copies of the assignment[s], the Plan[s], and correspondence with [D]efendants regarding the alleged claim for benefits, and since [P]laintiff has failed to describe what, if any, material facts it reasonably expects limited discovery to reveal," the [C]ourt has no reason to conclude that limited discovery is likely to produce facts capable of establishing" jurisdiction over Plaintiff's ERISA claims or Defendants. *Mem'l Hermann Health Sys.*, No. CV H-17-2364, 2017 WL 6561165, at *12; *see also, e.g.*, *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 372 (5th Cir. 2010) (rejecting claim that a provider could establish specific personal jurisdiction for purposes of suit against defendant insurer based on insurer's participation in a multi-state rate-sharing program where insurer had not contracted with provider directly).

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 44) and, for the reasons set forth above and in the R&R, Defendant Keenan & Associates, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 18) and Defendant Blue Shield of California's Motion to Dismiss (Dkt. No. 20) are **GRANTED**, and Plaintiff's claims in this case are **DISMISSED** for lack of subject-matter and personal jurisdiction.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 25 day of March, 2025.

ORLANDO L. GARCIA
United States District Judge